UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-102** |
| **KENRIC RODNEY** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kenric Rodney's Motion to Suppress the testimony of the confidential information, Damillie Hampton a/k/a "Lil Ham," and all recordings that purportedly evidence Rodney's participation in a drug transaction with Hampton (Doc. #35) is **DENIED**.

Rodney argues that Hampton's testimony should be suppressed because Hampton was arrested by the New Orleans Police Department while working as a confidential informant for the Drug Enforcement Administration ("DEA"). Hampton's arrest goes to his credibility and the weight of his testimony, not its admissibility.

Rodney also argues that Hampton's testimony and the recordings that purportedly evidence Rodney's participation in a drug transaction with Hampton should be suppressed because the DEA did not apply for permission to the United States Attorney General to use Rodney as a confidential information and violated other guidelines regarding the use of confidential informants.

The Attorney General's Guidelines Regarding the Use of Confidential Informants ("CI Guidelines") do not create rights for criminal defendants. United States v. Christie, 624 F.3d 558, 573 (3rd Cir. 2010) (citing United States v. Henry, 482 F.3d 27, 33 (1st Cir. 2007)). The CI

Guidelines indicate the boundaries that the United States Department of Justice views as good law enforcement practices in working with confidential informants, but "do not purport to be rules, much less a statement of the limits of constitutional behavior." Id. Therefore, Rodney's allegations that the DEA violated the CI Guidelines are not a basis upon which to suppress the evidence.

New Orleans, Louisiana, this 15 day of April, 2011.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE