# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-102** |
| **KENRIC RODNEY** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant, Kenric Rodney's Motion for New Trial, or, in the Alternative, Motion for a Verdict of Acquittal (Doc. # 108), is **DENIED**.

## BACKGROUND

On July 14, 2011, a Grand Jury in the United States District Court for the Eastern District of Louisiana returned a Superceding Indictment charging Kenric Rodney a/k/a "Lil Man" and Derrick Fleming a/k/a "Deckie" with four counts of violating the Federal Controlled Substances Act. 21 U.S.C. § 841, et seq. Specifically, they were charged with: (1) conspiracy to possess with the intent to distribute five kilograms or more of cocaine hydrochloride, fifty grams or more of cocaine base, a quantity of heroin, and a quantity of marijuana between January 1, 2007 and April 15, 2010 (Count 1); (2) distribution of fifty grams or more of cocaine base on or about April 20, 2009 (Count 2); (3) distribution of fifty grams or more of cocaine base on or about April 23, 2009 (Count 3); and, (4) distribution of a quantity of cocaine hydrochloride on or about September 15, 2009 (Count 4).

A jury trial was held from September 12, 2011 to September 15, 2011. The jury found Rodney guilty on Counts 1 through 3, but acquitted him on Count 4. The jury acquitted Fleming on all counts.

Rodney filed a motion for a verdict of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or in the alternative, a motion for new trial pursuant to Rule 33 of Federal Rules of Criminal Procedure. Rodney argues that there is insufficient evidence to support the verdict, and that the jury interrogatories were defective because: (1) they listed specific drug quantities; and, (2) the largest drug quantities were listed first.

## ANALYSIS

**A. Legal Standard**

"Rule 29 . . . tests only the sufficiency of the evidence introduced at trial to support the crime charged." United States v. Hope, 487 F.3d 224, 225 (5th Cir. 2007). Rule 29(a) provides in relevant part: "[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The court assesses "whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." Hope, 487 F.3d at 227-28. "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." United States v. Lucio, 428 F.3d 519, 522 (5th Cir. 2005). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." United States v. Mitchell, 484 F.3d 762,

2

768 (5th Cir. 2007) (internal quotations and citation omitted). The "standard of review does not change if the evidence that sustains the conviction is circumstantial rather than direct." Id. "But the evidence presented must allow the jury to find every element of the offense beyond a reasonable doubt." United States v. Uvalle-Patricio, 478 F.3d 699, 701 (5th Cir. 2007) (internal quotation and citation omitted).

Rule 33 of the Federal Rules of Criminal Procedure allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. PRO. 33(a). "The trial judge may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing Tibbs v. Florida, 102 S.Ct. 2211, 2215-16 (1982)). The court may grant a Rule 33 motion for a new trial when "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." United States v. Fuchs, 467 F.3d 889, 910 (5th Cir. 2006) (citing United States v. Arnold, 416 F.3d 349, 360 (5th Cir. 2005)). Granting a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted).

**1. Count 1**

Count 1 of the Superceding Indictment charges that on a date unknown, but prior to January 1, 2007, and continuing to on or about April 15, 2010, Rodney and Fleming:

> [D]id knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and fifty grams or more of cocaine base ("crack"), both Schedule II

3

narcotic drug controlled substances, and a quantity of heroin and marijuana, both Schedule I drug controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C); all in violation of Title 21, United States Code, Section 846.

The first paragraph of the jury interrogatory for count one reads:

> Count one of the Superceding Indictment charges Kenric Rodney and Derrick Fleming with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine hydrochloride ("powder"), fifty grams or more of cocaine base ("crack"), a quantity of heroin, and a quantity of marijuana in violation of Title 21, United States Code § 846.

Rodney argues that, because the jury interrogatory for Count 1 did not include the phrase "persons known and unknown to the Grand Jury," the jury had only one choice as to the participants in the conspiracy, Rodney and Fleming. Rodney argues that he cannot be found guilty of the alleged conspiracy because Fleming was acquitted on that charge.

The United States Court of Appeals for the Fifth Circuit has held that in the context of a drug conspiracy, "an inconsistent verdict is not a bar to conviction even where all other co-conspirators are acquitted." United States v. Hernandez, 281 Fed. Appx. 383, 385 (5th Cir. 2008). "[T]he acquittal of an alleged co-conspirator cannot negate the conviction of another." Id. Here, Fleming's acquittal on Count 1does not entitle Rodney to acquittal on Count 1.

Moreover, the jury did not only have one choice as to the conspiracy's participants. The Superceding Indictment, which was read to the jury at the beginning of the trial, stated that the conspiracy involved persons known and unknown to the Grand Jury, not just Rodney and Fleming.

Also, the jury instructions stated in pertinent part:

> A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose . . . For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt: 1. That two or more persons, directly or indirectly reached an agreement to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder"), cocaine base ("crack"), heroin, or marijuana . . .

The indictment and the jury instructions properly allowed the jury to conclude that either defendant participated in the alleged conspiracy with some individual, but not necessarily with each other.

At trial, Marchello Jones and Clinton Rodriguez testified that Rodney sold drugs for several years and was a leader of a drug gang known as 3NG. Their testimony established that Rodney supplied drugs to 3NG's members and that he directed a substantial part of the gang's drug activity. Jones testified that in late 2007, Rodney gave him one kilogram of cocaine hydrochloride to sell for $24,000. Jones also testified that he sold two ounces of heroin on Rodney's behalf in late 2007. Rodriguez testified that he purchased heroin from Rodney on two occasions in the Spring of 2007 and detailed Rodney's relationship with a Texas drug supplier.

The jury also heard tape recordings of telephone calls between Rodney and a confidential informant, and Rodney and Dalton Bennett, an alleged 3NG member. All calls discussed the sale, location, and distribution of drugs.

Weighing the evidence in a light most deferential to the jury's verdict, there was sufficient evidence for a reasonable jury to find Rodney guilty of Count 1. Therefore, Rodney's motion for new trial or verdict of acquittal as to Count 1 is DENIED.

### 2. Counts 2 and 3

Count 2 of the Superceding Indictment charges Rodney and Fleming with distribution of cocaine base on or about April 20, 2009, and Count 3 charges them with distribution of cocaine base on or about April 23, 2009. Both counts state that Rodney and Fleming:

> [D]id knowingly and intentionally distribute fifty grams or more of cocaine base ("crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

Count 4 of the Superceding Indictment states that on or about September, 15, 2009, Rodney and Fleming:

> [D]id knowingly and intentionally distribute a quantity of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

Rodney argues that he cannot be found guilty of Counts 2 and 3 because the jury found him not guilty of Count 4, and those three counts involved the same participants.

Counts 2, 3,and 4 of the Superceding Indictment each charge Rodney and Fleming with distribution of a controlled substance on a specific date. The drug transactions alleged in Counts 2, 3, and 4 occurred on different days and are independent of each of other. It is immaterial that the three Counts involved the same participants because conviction on one distribution count is not contingent on the actions of participants in a different distribution count. Further, because each Count corresponds to a specific date, acquittal on one Count does not entitle Rodney to acquittal on all Counts.

Moreover, there was sufficient evidence at trial to find Rodney guilty of Counts 2 and 3. The confidential informant testified that he purchased cocaine base from Rodney on April 20, 2009, and on April 23, 2009. The jury listened to recorded conversations between the confidential informant and Rodney that detailed the amount of the drugs to be sold, the price, and the location at which both of the transactions would occur. Special Agent Jamey Tarrh of the Drug Enforcement Agency ("DEA") testified that he monitored the conversations between Rodney and the confidential informant detailing the drug transactions via an audio transmitter worn by the confidential informant. Tarrh also testified that he saw Rodney enter the confidential informant's car, and that the confidential informant gave him the drugs purchased from Rodney on April 20, 2009 and April 23, 2009. DEA Chemist James Iwomoto testified that the drugs purchased on each occasion tested positive for over 50 grams of cocaine base.

Weighing the evidence in a light most deferential to the jury's verdict, a reasonable jury could find Rodney guilty of Counts 2 and 3. Therefore, Rodney's motion for new trial or motion for acquittal as to Counts 2 and 3 are DENIED.

### 3. Drug Quantities in the Jury Interrogatories

Rodney contends that the jury interrogatories were defective because they provided the jury with specific drug quantities from which to choose, rather than leaving a blank space for the jury to make an independent finding of the drug quantities. Rodney also contends that the jury interrogatories were defective because the largest drug quantities were listed first.

The United States Court of Appeals for the Fifth Circuit adopted the approach of using a special interrogatory to determine drug quantity and found its use "appropriate". United States v.

Arnold, 416 F.3d 349, 356 (5th Cir. 2005).  The drug quantities listed in the jury interrogatories are from 21 U.S.C. § 841(b), and § 2D1.1(c) of the United States Sentencing Commission Guidelines Manual.  Drug quantities in § 841(b) determine mandatory minimum sentences for drug violations while the "Drug Quantity Table" in § 2D1.1(c) of the Guidelines Manual determines the Base Offense Level for drug violations.  The sections are used in conjunction to determine sentencing ranges for a violation of the Federal Drug Controlled Substances Act and both sections list drug quantities in order from greatest to least.  Thus, the court's jury interrogatories did not improperly suggest drug quantities to the jury.  Therefore, Rodney's motion for new trial or motion for acquittal based on alleged defective jury interrogatories is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that defendant, Kenric Rodney's Motion for New Trial, or, in the Alternative, Motion for a Verdict of Acquittal (Doc. # 108), is **DENIED**.

New Orleans, Louisiana, this ___9th___ day of December, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**