UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-102** |
| **KENRIC RODNEY** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kenric Rodney's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #151) is **DENIED**.

## BACKGROUND

This matter is before the court the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant, Kenric Rodney, argues that this court should reduce his sentence because there was a constructive amendment of the indictment during the trial, he received ineffective assistance of counsel at trial because his trial counsel failed to object to the constructive amendment and failed to move for acquittal, and he received ineffective assistance of counsel on direct appeal because his appellate counsel failed to raise the retroactive application of the Fair Sentencing Act of 2010.

In September 2011, Rodney was tried by a jury on a four-count superseding indictment in which he was charged with: Count 1: conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine hydrochloride, fifty grams or more of cocaine base ("crack"), and a quantity of heroin and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846; Count 2: distributing fifty grams or more of cocaine base ("crack") on or about April 20, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2; Count 3: distributing fifty grams or more of cocaine base ("crack") on or about April 23, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2; and, Count

4: distributing a quantity of cocaine hydrochloride on or about September 15, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.[1] On a special verdict form, the jury found Rodney guilty of Count 1. The jury was then instructed to "make an additional finding as to the type and quantity of drugs involved in the conspiracy," and answered as follows:

> We the Jury unanimously find, that the overall scope of the conspiracy involved:
>
> A) Amount of Cocaine Hydrochloride ("powder"):
>  (a) __X__ 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder")
>  (b) _____ 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder")
>  (c) _____ less than 500 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder")
>  (d) _____ No cocaine hydrochloride ("powder")
>
> B) Amount of Cocaine Base ("crack"):
>  (a) __X__ 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")
>  (b) _____ 50 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")
>  (c) _____ 28 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")
>  (d) _____ 5 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")

---

[1] On August 23, 2011, the government filed a Bill of Information to Establish Prior Convictions against Rodney.

>     (e) \_\_\_\_\_ less than 5 grams of a mixture or substance containing a detectable amount of cocaine base ("crack")
>     (f) \_\_\_\_\_ No cocaine base ("crack")
>
> C) Amount of marijuana
>     (a) \_\_\_\_\_ A quantity of marijuana
>     (b) __X__ No marijuana
>
> D) Amount of heroin
>     (a) __X__ A quantity of a mixture or substance containing a detectable amount of heroin
>     (b) \_\_\_\_\_ No heroin

The jury also found Rodney guilty of Counts 2 and 3, and as to each count made "an additional finding as to the quantity of cocaine base ("crack") involved," as follows:

> We the Jury unanimously find, beyond a reasonable doubt, that the amount of cocaine base ("crack") that was distributed on April 20, 2009 [and April 23, 2009] by the defendant(s) charged in Count 2 [and 3] was:
>
> (a) __X__ 50 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")
> (b) \_\_\_\_\_ 28 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")
> (c) \_\_\_\_\_ 5 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack")
> (c) \_\_\_\_\_ less than 5 grams of a mixture or substance containing a detectable amount of cocaine base ("crack")

The jury found Rodney not guilty as to Count 4.

Rodney filed a motion for new trial, or in the alterative motion for a judgment of acquittal, arguing that there was insufficient evidence to support the verdict, and that the jury interrogatories were defective because they listed specific drug quantities and the largest drug quantities were listed first. This court denied the motion.

In the presentence investigation report, the United States Probation Officer used the 2011 United States Sentencing Commission Guideline Manual and relied upon the jury's determinations of the drug qualities to calculate Rodney's base offense level to be 32.[2] The probation officer recommended a two-level enhancement under the U.S.S.G. § 2D1.1(b)(12) for "maintain[ing] a premises for the purpose of . . . distributing a controlled substance." The court overruled Rodney's objection to the application of this section. The court also applied a four-point enhancement under U.S.S.G. § 3B1.1(a) for Rodney's leadership role in the offense. Thus, the court found that Rodney had a total offense level of 38, and a criminal history category of IV, indicating 324 to 405 months imprisonment.[3] The court sentenced Rodney to 365 months in the custody of the Bureau of Prisons as to Counts 1, 2 and 3, to be served concurrently.

Thereafter, Rodney, with the assistance of counsel, filed a direct appeal. On appeal, Rodney contested "the sufficiency of the evidence supporting the drug quantities, the sentencing court's aggregation of his drug offense quantities, and the application of the 'maintaining a premises' sentencing enhancement." United States v. Rodney, 532 Fed. Appx. 465, 467 (5th Cir. 2013). On February 27, 2013, the United States Court of Appeals for the Fifth Circuit affirmed Rodney's conviction and sentence "[b]ecause the record supports the jury's quantity findings and the

---

[2] The drug quantity tables in the 2011 version of the United States Sentencing Commission Guideline Manual implemented the 18:1 crack-to-powder cocaine ratio embodied in the Fair Sentencing Act of 2010. U.S.S.G. § 2D1.1.

[3] In paragraph 53, the presentence investigation report included the offense level calculation if the court chose to use a 1:1 ratio of cocaine base and powder cocaine:

> Should the Court find that the 18:1 ratio between cocaine base and powder cocaine offenses creates an unwarranted sentencing disparity and, thus, exercises its discretion to impose a 1:1 cocaine base/powder ratio, the applicable base offense level would be 32, in accordance with USSG § 2D1.1(c)(4). With the applicable adjustments, the total offense level would remain 38.

sentencing enhancement, and because the aggregation of the separate drug offense quantities was not clearly erroneous." Id. Rodney did not file a writ of certiorari with the Supreme Court of the United States.

On May 23, 2014, Rodney filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[4] He argues that this court should reduce his sentence because there was a constructive amendment of the indictment during the trial when the jury was permitted to find a drug quantity of cocaine base greater than 50 grams, he received ineffective assistance of counsel at trial because his trial counsel failed to object to the constructive amendment and failed to move for acquittal, and he received ineffective assistance of counsel on direct appeal because his appellate counsel failed to raise the retroactive application of the Fair Sentencing Act of 2010. The government opposes the motion, arguing that Rodney failed to raise his constructive amendment argument on direct appeal, there was no constrictive amendment to the indictment, and he received the benefit of the Fair Sentencing Act of 2010.

## ANALYSIS

**A.    Legal Standard**

Pursuant to § 2255, a prisoner in custody under a federal court sentence may seek relief on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or, (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the district court determines that a petitioner is

---

[4] "Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system." United States v. Nyamaharo, 514 Fed. Appx. 479 (5th Cir. 2013). Rodney signed his § 2255 motion on May 23, 2014. Thus, it is deemed filed on that date.

entitled to relief under §2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Relief under §2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)). Accordingly, "[a] defendant . . . may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). A defendant can establish "cause" by showing that an objective impediment that is external to his defense prevented him from raising a claim on direct appeal. United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). To show "actual prejudice" the defendant must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimension." Shaid, 937 F.2d at 233.

The government points out that Rodney did not raise any arguments regarding the constructive amendment of the indictment on direct appeal. However, Rodney ties this argument to ineffective assistance of counsel, arguing that his counsel was deficient for failing to object to the constructive amendment of the indictment. "[A]bsent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to establish the cause and prejudice necessary to overcome a procedural default." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995).

To succeed on a claim of ineffective assistance counsel, petitioner must show: (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced his defense. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). Deficient performance by counsel is established by showing "that counsel's representation fell below an objective standard of reasonableness." Id. at 2064. In applying this standard, the "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 122 S.Ct. 1843, 1854 (2002) (quoting Strickland, 104 S.Ct. at 2052). To demonstrate prejudice caused by counsel's allegedly deficient performance, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S.Ct. at 2068. Petitioner must show that counsel's errors were serious enough to deprive him of a fair trial, of which the result would have been reliable. Id. at 2064.

**B.      Rodney's Ineffective Assistance of Counsel Claims**

   **1.   Trial Counsel's Alleged Failure to Object to a Constructive Amendment of the Indictment**

Rodney argues that his trial counsel was ineffective for failing to object to the constructive amendment of the indictment at trial. Rodney contends that the indictment was constructively amended because the special verdict form permitted the jury to find that the quantity of cocaine base involved in the conspiracy was greater than the 50 grams alleged in the indictment, and the jury returned a verdict that the amount was 280 grams or more. He argues that he was prejudiced by the alleged amendment because, when the grand jury returned the indictment against him, a conviction for a conspiracy to distribute 50 grams or more of cocaine base exposed him to an enhanced

7

sentencing penalty of 10 years to life imprisonment, but at the time of trial, the Fair Sentencing Act of 2010 had increased the threshold amount of cocaine base for that penalty to 280 grams or more. Rodney also argues that the jury's finding for 280 grams of cocaine base was used for the guideline calculation, which would have been lower if 50 grams were used.

An indictment can be broadened only through amendment by the grand jury. United States. v. Robles-Vertiz, 155 F.3d 725, 727-28 (5th Cir. 1998) (citing United States v. Salvatore, 110 F.3d 1131, 1145 (5th Cir. 1997)). "A constructive amendment occurs when the government changes its theory during trial so as to urge the jury to convict on a basis broader than that charged in the indictment, or when the government is allowed to prove 'an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment.'" Id. at 728 (citations omitted). In United States v. Young, 730 F.2d 221, 223 (5th Cir. 1984), the United States Court of Appeals for the Fifth Circuit explained that "[t]he accepted test is that a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the crime charged." However, if the indictment "contained an accurate description of the crime, and that crime was prosecuted at trial, there is no constructive amendment." Robles-Vertiz, 155 F.3d at 7208 (quoting United States v. Mikolajczyk, 137 F.3d 237, 244 (5th Cir. 1998)).

In this case, there was no constructive amendment of the indictment. Count 1 of the indictment clearly charged Rodney with conspiracy to distribute and posses with the intent to distribute fifty grams *or more* of cocaine base. This crime was prosecuted at trial, and the court instructed the jury on Count 1 using jury instructions that were substantially similar to the Fifth Circuit Criminal Jury Instructions applicable to this count. As the United States Court of Appeals

8

for the Fifth Circuit noted in its ruling on Rodney's direct appeal "[b]ecause the quantity of drugs involved increases the maximum possible penalty for the conspiracy in this case, the drug quantity must be established by the Government beyond a reasonable doubt," and after reviewing the testimony the court "decline[d] to disturb [the jury's] determination that the conspiracy in which Rodney participated involved at least 5 kilograms of powder cocaine and 280 grams of crack cocaine." Rodney, 532 Fed. Appx. at 469-70 (citations omitted). Further, the United States Court of Appeals for the Fifth Circuit has adopted the approach of using a special interrogatory to determine drug quantities and found its use "appropriate." United States v. Arnold, 416 F.3d 349, 356 (5th Cir. 2005). The jury interrogatories included the following amounts of cocaine base for the jury to determine: (a) 280 grams or more; (b) 50 grams or more; (c) 28 grams or more; (d) 5 grams or more; (e) less than 5 grams; or (f) no cocaine base. These quantities were derived from 21 U.S.C. § 841(b), and U.S.S.G. § 2D1.1(c), which establish the mandatory minimum sentences for drug violations and determine the Base Offense Level for drug violations, respectively. The inclusion of 280 grams or more was not a constructive amendment of the indictment, because the indictment left open the possibility that Rodney could be convicted of a conspiracy to distribute and possess with the intent to distribute and amount of cocaine base greater than 50 grams by charging him with conspiracy to distribute and possess with the intent to distribute 50 grams *or more* of cocaine base. Therefore, Rodney's counsel was not ineffective for failing to object to the inclusion of 280 grams or more of cocaine base in the jury interrogatories.

### 2. Trial Counsel's Alleged Failure to Move for Acquittal

Rodney argues that his trial counsel was ineffective in failing to move for acquittal on Counts 2 and 3 because those counts charged him with aiding and abetting Derrick Fleming in distributing

9

cocaine base on specific dates under 18 U.S.C. § 2, but he was convicted of the principal offense of distribution of cocaine base on specific dates under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Rodney argues that there was no evidence to support a conviction for aiding and abetting Fleming with distributing cocaine base because Fleming was acquitted on those charges, thus he should also be acquitted on Counts 2 and 3.

>   Counts 2 and 3 of the superseding indictment charge that on specific dates:
>
>> the defendants, **KENRIC RODNEY**, a/k/a "Lil Man," and **DERRICK FLEMING** a/k/a "Deckie," did knowingly and intentionally distribute fifty grams or more of cocaine base ("crack"), a Schedule II narcotic drug controlled substance in violation of Title 21, Untied States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

Title 18, United States Code, Section 2 is not a substantive offense, but rather allows participants to be charged as principals for their role in aiding and abetting crimes. The grand jury indicted Rodney and Fleming for the substantive offense of distributing fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and cited 18 U.S.C. § 2 so that the petit jury could find either of them guilty either as a principal or knowing participant. It is well-established that:

> 18 U.S.C. § 2 does not define a crime. It makes punishable as a principal one who aids or abets the commission of a crime. One indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted. Indeed, in view of the language of the statute, all indictments for substantive offenses must be read as if the alterative provided by 18 U.S.C. § 2 were embodied in the indictment.

United States v. Megna, 450 F.2d 511, 512 (5th Cir. 1971) (internal citations omitted). Thus, Rodney was indicted and convicted as a principal in the offense, and the reference to 18 U.S.C. § 2 clarified that he could also have been found guilty as a principal if he aided and abetted someone

10

else in committing the principal offense. The jury found evidence through recordings of conversations and the testimony of the government's informant that Rodney was guilty of the principal offense. See Rodney, 532 Fed. Appx. at 467-68. Therefore, counsel was not ineffective for failing to move for acquittal on this ground.

### 3. Appellate Counsel's Alleged Failure to Raise the Retroactive Application of the Fair Sentencing Act of 2010

Rodney argues that his appellate counsel was ineffective for failing to raise the retroactive application of the Fair Sentencing Act of 2010. Rodney argues that, while his case was on appeal, the Supreme Court of the United States held in Dorsey v. United States, 132 S.Ct. 2321 (2012), that the lower drug quantity sentencing guidelines established by the Fair Sentencing Act of 2010 apply to all defendants sentenced after its enactment on August 3, 2010, even if those defendants were convicted of committing offenses that occurred before that date.

Rodney was sentenced on December 15, 2011. Therefore, the drug quantity amendments in the Fair Sentencing Act of 2010 apply to him. When Rodney was sentenced, the probation officer used the 2011 United States Sentencing Commission Guideline Manual and relied upon the jury's determinations of the drug qualities to calculate Rodney's base offense level to be 32. The drug quantity tables in the 2011 version of the United States Sentencing Commission Guideline Manual implemented the 18:1 crack-to-powder cocaine ratio embodied in the Fair Sentencing Act of 2010, and this court has already determined that the jury could properly find that Rodney was responsible for the distribution of 280 grams or more of cocaine base because the indictment charged him with conspiring to distribute and possess with the intent to distribute 50 grams *or more* of cocaine base. Thus, Rodney received the benefit of the Fair Sentencing Act of 2010, and his appellate counsel was not ineffective for failing to raise the retroactivity of the Act on direct appeal.

## CONCLUSION

**IT IS HEREBY ORDERED** that Kenric Rodney's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #151) is **DENIED**.

New Orleans, Louisiana, this __18th__ day of November, 2014.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**