## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 10-102** |
| **KENRIC RODNEY** | **SECTION "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release** pursuant to 18 U.S.C. § 3582(c)(1)(A) and 3553(A) (Rec. Doc. 176) is **DENIED.**

### BACKGROUND

Defendant was convicted by a jury in 2011 on two counts of distributing more than fifty grams of crack cocaine and one count of conspiracy to possess five or more kilograms of powder cocaine, 280 or more grams of crack cocaine, and some amount of heroin. Defendant's guideline imprisonment range was of 324 to 405 months, and in December 2011, the court sentenced him to 365 months of imprisonment. Subsequently, the court, pursuant to 18 U.S.C. § 3582(c)(2), reduced Rodney's sentence to 327 months, the top of the amended guideline range. Rodney is currently serving his sentence at United States Penitentiary – Atlanta and has served approximately 115 months to date. His projected release date is May 23, 2035.

In the instant motion, defendant seeks a reduction in sentence/compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that due to his medical condition of obesity, he is especially vulnerable to COVID-19, and therefore has an extraordinary and compelling reason warranting compassionate release. Rodney alternatively seeks a transfer to home confinement to take care of his mother. The government opposes the motion, arguing that while defendant's

obesity makes him especially vulnerable to COVID-19, obesity alone does not present an extraordinary and compelling reason for compassionate release.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

### Exhaustion Requirement

The requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In this case, the government does not argue that the exhaustion requirement is not met, and instead invites the court to consider the motion on the merits. Accordingly, the court finds that the government has waived any applicable exhaustion requirement.

### Merits Discussion

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements. The policy statements in the United States Sentencing Guidelines ("U.S.S.G.")

provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community...." U.S.S.G. § 1B1.13. Further, the commentary to U.S.S.G. § B1.13 informs the court's analysis "as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).

**1. No extraordinary and compelling circumstances are present**

In cases in which a defendant cites a medical condition as a basis for compassionate release, the relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A). General COVID-19 concerns are not an extraordinary and compelling reason that provide a basis for compassionate release. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020).

Rodney does not have any of the conditions itemized in the § 1B1.13 policy statement, nor has any doctor testified that he has another "terminal illness" not enumerated in § 1B1.13. Rodney's medical records reflect a diagnosis of cellulitis, and a BMI of approximately 33.4, which is obese. His records further reflect a hemoglobin A1C level of 5.7, the very bottom of the range (5.7-6.4) for increased risk of diabetes. On March 12, 2020, Rodney visited a medical provider complaining of chest pain and shortness of breath. He was not tested for COVID-19 and reports no lingering symptoms. He has been advised to take allergy medication for his dry cough and had an earwax extraction to improve his hearing.

While obesity is an underlying medical condition that results in an increased risk of severe illness from COVID-19, numerous courts have found that obesity does not warrant compassionate release. See e.g., United States v. Gheith, 2020 WL 5850162, at *4 (E.D. La. Oct. 1, 2020), reconsideration dismissed sub nom. United States of America V. Naser Yousef Gheith, 2020 WL 7389277 (E.D. La. Dec. 16, 2020) (collecting cases). Rodney's obesity does not rise to the level of an ordinary and compelling circumstance that would justify his early release.

Moreover, in order to provide the relief sought, in addition to finding Rodney's medical conditions extraordinary and compelling, the court must also find that the condition is one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility...." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). In this case, there is no suggestion that defendant is presently unable to take care of himself within the confines of his facility. Nor has he demonstrated that BOP cannot manage his medical condition appropriately. While defendant's medical records do not reflect any specific care administered because of his obesity, there is no indication that defendant sought medical intervention for his obesity. On this record, there is no reason why the BOP would not be able to adequately and competently administer care to the defendant for his condition. Accordingly, defendant's medical condition does not warrant compassionate release.

**2. Title 18 U.S.C. § 3553 considerations do not support a sentence reduction.**

Further, consideration of the applicable section 3553 factors do not support a sentence reduction. The section 3553 factors applicable to this case are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct; [and]

      (C) to protect the public from further crimes of the defendant; and

. . .

      (5) any pertinent policy statement . . . .

18 U.S.C. § 3553(a).

Defendant is incarcerated for selling large amounts of cocaine. He was convicted and sentenced on the basis that he directed and led individuals in the 3NG drug gang. His criminal history indicates that he was arrested for possessing cocaine with intent to distribute when he was previously on supervised release. He has served less than half, and closer to a third, of his sentence. He has received multiple disciplinary citations while incarcerated, including one for assault. The nature and circumstances of the offense and the history and characteristics of the defendant demonstrate that a reduction in sentence would be inappropriate. Further, a reduction of defendant's sentence would not adequately deter criminal conduct or protect the public from further crimes of the defendant.

**3. The court lacks authority to designate defendant for home confinement.**

Rodney also requests to be placed in home confinement, because due to his sister's death, he is the only person who is able to take care of his aging mother. However,  it is the BOP, not the court, that designates the place of defendant's imprisonment. See 18 U.S.C. § 3261(b). The court recognizes that the CARES Act, enacted on March 27, 2020, provides that "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L.116-136, § 12003(b)(2). However, the authority to

designate home confinement of a prisoner rests solely in the discretion of the BOP. See <u>United States v. Voda</u>, 994 F.2d 149, 151 (5th Cir. 1993) ("only the Bureau of Prisons has the actual authority to designate the place of incarceration"); <u>United States v. Reed</u>, No. CR 15-100, 2020 WL 2850145, at *5 (E.D. La. June 2, 2020) (Fallon, J.). Accordingly,

      **IT IS HEREBY ORDERED** that defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and 3553(A) (Rec. Doc. 176) is **DENIED.**

      New Orleans, Louisiana, this ____6th____ day of April, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**