UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-102** |
| **KENRIC RODNEY** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** defendant's **Motion and Supplemental Motion for a Sentence Reduction Under Section 404 of the First Step Act of 2018** (Rec. Docs. 183 & 198) are **GRANTED in part and DENIED in part**, and defendant's sentence is reduced to a total sentence of 293 months imprisonment.

### BACKGROUND

Defendant was convicted by a jury in 2011 on two counts of distributing more than fifty grams of crack cocaine and one count of conspiracy to possess five or more kilograms of powder cocaine, 280 or more grams of crack cocaine, and some amount of heroin. Defendant's guideline imprisonment range was of 324 to 405 months, and in December 2011, the court sentenced him to 365 months of imprisonment. Following the enactment of Amendment 782 to the United States Sentencing Guidelines, in 2015, the court, pursuant to 18 U.S.C. 3582(c)(2), reduced Rodney's sentence to 327 months, the top of the amended guideline range. That sentence was based on a total offense level of 36 and a criminal history category of IV, resulting in a guideline range of 262 to 327 months. Rodney is currently serving his sentence at Forrest City Medium FCI and has served approximately 204 months to date. His current projected release date is

September 9, 2034.

In the instant motion, defendant seeks a reduction in sentence on two grounds: United States Sentencing Guideline Amendment 821, and Section 404 of the First Step Act of 2018. The parties are in agreement that defendant is entitled to Amendment 821 relief, which does not affect his offense level, but reduces his criminal history category to III, yielding a lowered guideline range of 235 to 293 months. However, defendant maintains that he is entitled to a further reduction under Section 404 of the First Step Act, due to changes in law and fact since the defendant's sentencing. Specifically, he argues that his base offense level should be 26 and his total offense level should a 32, which, coupled with a criminal history category of III, yields a guideline range of 151-188 months, which he acknowledges is restricted by the statutory minimum to 240 months. He thus seeks a reduction to 240 months, the statutory minimum. The government opposes a reduction below 293 months, the top of the guideline range under the amended 235 to 293 month range incorporating the undisputed 821 Amendment reduction.

## APPLICABLE LAW

The Fair Sentencing Act of 2010 was enacted to correct the wide disparity between crack and powder cocaine sentencing. <u>Concepcion v. United States</u>, 597 U.S. 481 (2022). The First Step Act was enacted in 2018 to "ma[k]e the Fair Sentencing Act's modifications of the statutory penalties for crack-cocaine offenses apply retroactively." <u>United States v. Winters</u>, 986 F.3d 942, 945 (5th Cir. 2021). "A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a 'covered offense'; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First

Step Act that was denied on the merits." <u>United States v. Batiste</u>, 980 F.3d 466, 470 (5th Cir. 2020) (internal citation omitted). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222.

Under § 404(b) of the First Step Act, a district court may "impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." <u>Concepcion</u>, 597 U.S. at 486. If a court chooses to modify a sentence under the First Step Act, the Act "specifically requires district courts to apply the legal changes in the Fair Sentencing Act when calculating the Guidelines if they chose to modify a sentence." <u>Id.</u> at 498.

> A district court cannot, however, recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act. Rather, the First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense. That Guidelines range "anchor[s]" the sentencing proceeding. <u>Peugh v. United States</u>, 569 U.S. 530, 541, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). The district court may then consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark.

<u>Id.</u> at 498 n. 6.

## ANALYSIS

In this matter, Rodney was convicted, <u>inter alia</u>, of violating 21 U.S.C. § 841, for which the statutory penalties were modified by Section 2 of the Fair Sentencing Act. His offenses were committed before August 3, 2010, he has not previously filed a motion seeking First Step Act

relief, and his sentence has not been reduced pursuant to the amendments made by sections 2 or 3 of the Fair Sentencing Act. Accordingly, Rodney is eligible for relief under the First Step Act. "Eligibility for resentencing does not equate to entitlement, though. District courts have 'broad discretion' to decide whether to reduce an eligible movant's sentence." United States v. Winters, 986 F.3d 942, 947 (5th Cir. 2021) (internal citations omitted). In exercising its discretion to determine whether a reduction is warranted, the court considers the statutory sentencing range, the sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and Rodney's pre- and post-sentencing conduct. Concepcion, 597 U.S. 481.

Rodney was originally subject to a statutory minimum sentence of twenty years imprisonment for Count 1. The First Step Act does not affect this minimum, because the Count 1 conviction is for a dual-object conspiracy (cocaine and crack), and while the statutory minimum sentence for crack has been reduced, the statutory minimum sentence for the powder cocaine object of the conspiracy remains twenty years. Thus, the court lacks authority to reduce Rodney's sentence below twenty years under the First Step Act.

Likewise, Rodney's Guidelines remain unchanged beyond the reduction resulting from the application of Amendment 821, that is, 235-293 months. Rodney argues that following Alleyne v. United States, 570 U.S. 99, 115–16 (2013), and United States v. Haines, 803 F.3d 713, 740 (5th Cir. 2015), sentencing exposures are determined with reference to a jury's individual finding as to drug quantity rather than imputing the conspiracy-wide quantity to the defendant (as occurred in his case). He contends that under those precedents, his quantity calculation would be substantially reduced, resulting in base offense level of 26. He further

argues that because Concepcion authorizes the court to consider non-retroactive intervening changes in the law, his Guidelines should be calculated under the Alleyne and Haines rules. However, Concepcion is explicit that while intervening changes may be considered by the court in exercising its ultimate discretion in selecting a sentence, they do not permit a court to "recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." Concepcion, 597 U.S. at 486 n. 6. Thus, while the court is permitted to consider the Alleyne and Haines rulings in its ultimate weighing, they cannot affect the benchmark Guideline, which remains the same. Id.

Accordingly, the court begins its consideration of an appropriate sentence with the following benchmarks established: Rodney has a base offense level of 30, a total offense level of 36, and a criminal history category of III, yielding a guideline range of 235 to 293 months. This range is restricted to 240 to 293 months due to the 240-month statutory minimum penalty for Count 1. From this starting framework, the court is tasked with applying the considerations of 18 U.S.C. § 3553 and intervening changes in fact or law to determine a just sentence.

"The federal sentencing statute, 18 U.S.C. § 3553, requires a court to 'impose a sentence sufficient, but not greater than necessary,' id. § 3553(a), and requires the court to consider seven factors 'in determining the particular sentence to be imposed,' id. [given at] § 3553(a)(1)-(7)." United States v. Gonzalez, 62 F.4th 954, 958 (5th Cir. 2023). The title 18, section 3553 factors applicable to this case are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; [and]
. . . .

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C. § 3553(a).

  Rodney asserts that these factors weigh in favor of a reduced sentence because over the past 14 years he has engaged in extensive rehabilitation and his continued incarceration serves no societal interest. In so arguing, he points the court to numerous courses undertaken while incarcerated, and argues that while in prison, his ties to the 3NG gang have dissipated, making it unlikely the he presents a risk for future gang activity.

  The court finds that title 18, section 3553 considerations do not support a sentence reduction below 293 months, the top of the Guideline range after application of Amendment 821. The court has previously concluded that the section 3553 factors do not justify a reduced sentence in connection with Rodney's motion for compassionate release under 28 U.S.C. § 3582. Rec. Doc. 181. Despite intervening legal changes since his sentencing, the relevant facts of Rodney's case are unchanged. Rodney is incarcerated for selling cocaine as part of a conspiracy that involved large amounts of cocaine. His criminal history indicates that he was arrested for possessing cocaine with intent to distribute while on supervised release. He was convicted and sentenced on the basis that he directed and led individuals in the 3NG drug gang. He has

received multiple disciplinary citations, including some that occurred following the court's previous denial of relief under section 3582, in which he similarly argued that he was rehabilitated. Rodney's disciplinary violations include, among others, possession of drugs and alcohol, possessing hazardous tools, destroying or disposing of an item in connection with a search, and one for assault. On this record, the court finds that notwithstanding the changes to non-retroactive laws and policies pointed to by Rodney, the reasons supporting the court's prior determination that a sentence at the top of the applicable Guidelines is appropriate for this defendant have not changed. Rather, the nature and circumstances of the offense and the history and characteristics of the defendant demonstrate that a reduction in sentence beyond the amended sentence resulting from Amendment 821 relief would be inappropriate. Further, an additional reduction of defendant's sentence would not adequately deter criminal conduct or protect the public from further crimes of the defendant. Accordingly,

**IT IS HEREBY ORDERED** defendant's **Motion and Supplemental Motion for a Sentence Reduction Under Section 404 of the First Step Act of 2018** (Rec. Docs. 183 & 198) are **GRANTED in part and DENIED in part**, and defendant's sentence is reduced to a total sentence of 293 months imprisonment.

New Orleans, Louisiana, this __3rd__ day of July, 2024.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**